IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01677-GPG

BRENDAN WAYNE BREWER,

    Applicant,

v.

RICK RAEMISCH, Executive Director for Colorado,
DEPARTMENT OF CORRECTIONS, and
CYNTHIA COFFMAN, Attorney General for Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant Brendan Wayne Brewer is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In response to Magistrate Judge Gordon P. Gallagher's Order to file the Application on a proper Court-approved form and to either submit a request to proceed pursuant to 28 U.S.C. § 1915 or pay the $5 filing fee, Applicant filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and paid the fee. The form Applicant used to file the Petition is not a form approved by this Court. Nonetheless, Applicant has provided all

the required information so the Court may proceed with a review of the merits of his claims.

Applicant was sentenced in Colorado Criminal Case No. 02CR1094 on July 26, 2002. He complains that Respondents are violating his Eighth And Fourteenth Amendment rights because his release on parole is conditioned on his participation in the Sex Offender Treatment and Monitoring Program (SOTMP) and he has been denied a transfer to a prison facility where the SOTMP is offered. As relief, Applicant asks that the Court order his release to allow him to receive treatment while under the supervision of a community parole officer.

The Court must construe Applicant's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action dismissed.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A § 2241 action must be brought by an applicant who is in custody in violation of the Constitution or laws of the United States. "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Applicant's claim that he is being denied an opportunity for parole because he is not being allowed to participate in sex offender treatment, however, is not cognizable under § 2241 for the following reasons.

"[A] federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it," and "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009). "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citation omitted); *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (An applicant has no inherent constitutional right to be conditionally released before the expiration of a valid sentence).

The Colorado Parole Board has unlimited discretion to grant or deny parole for defendants serving sentences for crimes committed on or after July 1, 1985. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6).

As may be applicable to this case, the Colorado Parole Board has the following powers and duties:

> To meet as often as necessary every month to consider all applications for parole. The board may parole any person who is sentenced or committed to a correctional facility when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person from institutional custody is compatible with the welfare of society. If the board refuses an application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S., a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S., or of any offense subject to the requirements of section 18-1.3-904,

> C.R.S., the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S., the board need only reconsider granting parole to such person
> once every five years, until the board grants such person parole or until such person is discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

The Colorado parole board also is directed in part, as applicable to this case, that

> [o]n completion of the minimum period of incarceration specified in a sex offender's indeterminate sentence, less any earned time credited to the sex offender pursuant to section 17-22.5-405, C.R.S., the parole board shall schedule a hearing to determine whether the sex offender may be released on parole. In determining whether to release the sex offender on parole, the parole board shall determine whether the sex offender has successfully progressed in treatment and would not pose an undue threat to the community if released under appropriate treatment and monitoring requirements and whether there is a strong and reasonable probability that the person will not thereafter violate the law. The department shall make recommendations to the parole board concerning whether the sex offender should be released on parole and the level of treatment and monitoring that should be imposed as a condition of parole. . . .

Colo. Rev. Stat. § 18-1.3-1006(1)(a).

According to the DOC website, Applicant was sentenced on October 15, 2002, to two years to life and became parole eligible on January 13, 2004. *See* http://www.doc.state.co.us/oss.[1] In the original Application filed on August 5, 2015, Applicant agrees that his sentence is two years to life or indeterminate. ECF No. 1 at 4. Applicant concedes he has been before the parole board ten times; but he contends that

---

[1] The Court may take judicial notice of the contents of the CDOC's Offender Search website. *See Triplet v. Franklin*, No. 06-6247, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

he has been denied parole each time because he has not completed a treatment program in violation of his Fourteenth and Eighth Amendment rights.  ECF No. 6 at 2.

The Court, therefore, finds that Applicant has been provided with parole reviews as may be required; but he is not entitled to parole under Colorado law because the granting of parole is discretionary.  The parole board may deny Applicant parole even if he does complete the SOTMP.  As a result, Applicant's claim is not cognizable pursuant to 28 U.S.C. § 2241 because his claim if granted would not necessarily result in a speedier release.  See *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (When a prisoner's claim does not necessarily result in a speedier release, the claim does not lie at the "core of habeas corpus.") (quoting, *Preiser*, 411 U.S. at 489)).

Based on the above findings, the Application will be denied.  If Applicant wishes to assert claims challenging the administration of the sex offender treatment program he must do so in a separate prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice.  It is

5

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 6, 2015, at Denver, Colorado.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court