IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01677-LTB

BRENDAN WAYANE BREWER,

    Applicant,

v.

RICK RAEMISCH, Executive Director for Colorado,
DEPARTMENT OF CORRECTIONS, and
CYNTHIA COFFMAN, Attorney General for Colorado,

    Respondents.

---

ORDER DENYING MOTION TO ALTER

---

The matter before the Court is the "Motion to Alter or Amend a Judgment," ECF No. 11, that Applicant filed on October 20, 2015. Applicant asserts that he is filing the Motion pursuant to Fed. R. Civ. P. 59(e). Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs. Colorado. The Court must construe the Motion liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will consider the Motion to Alter pursuant to Rule 59(e) because it was filed within twenty-eight days after this action was dismissed and judgment was entered on October 6, 2015. See Van Skiver, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver, 952 F.2d at 1243).

In the Motion, Applicant asserts that "[t]he way the Denver District Court ordered the Applicant [sic] term of confinement sentence to be carried out by the Executive authority Colorado Department of Correction (Respondents) as [sic] caused Applicant to be held beyond the court's intent for his incarceration punishment." ECF No. 11. Applicant further states that Respondents have "not complied with the sentencing court order," and he should be released. Id.

For the same reasons stated in the October 6, 2015 Order of Dismissal, the Court will deny the Motion to Alter. Applicant fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of

this action is deserving.   If Applicant intends to challenge the validity of his conviction he must do so in a 28 U.S.C. § 2254 action.   Accordingly, it is

ORDERED that Applicant's Motion to Alter or Amend a Judgment, ECF No. 11, filed on October 20, 2015, pursuant to Fed. R. Civ. P. 59(e) is denied.

DATED at Denver, Colorado, this   22nd   day of   October   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court